UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARCUS MABLE, JR.,                                    Case No. 16-CV-1781 (JNE/FLN)

                    Plaintiff,

v.                                                                 REPORT AND RECOMMENDATION

JESSICA SYMMES, Individual and Official
Capacity; and LYNN DINGLE, Individual
and Official Capacity,

                    Defendants.

---

        Plaintiff Marcus Mable, Jr. is civilly committed as a person who was deemed by the State

of Minnesota to be mentally ill and dangerous.  *See In re Civil Commitment of Mable*, No. A13-

0649, 2013 WL 3968807 (Minn. Ct. App. Aug. 13, 2013).  Mable brings claims pursuant to 42

U.S.C. § 1983 relating to both the conditions of his current confinement and the conditions of

civil confinement during previous terms of criminal incarceration.  Mable did not pay the filing

fee for this matter, but instead applied for *in forma pauperis* ("IFP") status.  *See* ECF No. 2.

That IFP application is before the Court and must be decided before any other action may be

taken in this matter.

        After review of the IFP application, this Court finds that Mable qualifies financially for

IFP status.  However, an IFP application will be denied, and the action will be dismissed, when

an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be

granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.

1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam)

("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to

all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow

dismissal without service.").  In reviewing whether a complaint states a claim on which relief

may be granted, this Court must accept as true all of the factual allegations in the complaint and

draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511

F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be

detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief

that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court

may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*,

556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege

sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.

2004).

    The allegations made by Mable in his complaint are severe.[1]  He claims, among other

things, that over 100 correctional officers "forced him to be hand cuffed so he can be raped" and

beaten, stole his legal papers and money from his prison trust account, and committed him to

punitive isolation for 9.5 years without due process of law.  *See* ECF No. 3 at 1-2.  Mable further

claims that this mistreatment continued until he "started stabbing staff busting their heads and

knocking the staff out and rapeing [sic] them in return." *Id*. at 3.  Other allegations include

unlawful forcible medication, denial of access to the courts, denial of right to practice his

religion, and false diagnosis with a mental illness.  *Id*. at 5-6.

---

[1]This Court interprets Mable's complaint as comprising the documents docketed as ECF
Nos. 1 & 3.

This court notes, as an initial matter, that although many aspects of Mable's claims appear *unlikely*, this does not mean that Mable's complaint is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).   At this stage, Mable's factual allegations must be given the assumption of truth.

That said, this Court nevertheless concludes that Mable's complaint fails to state a claim on which relief may be granted and must therefore be dismissed.  To begin, many of Mable's claims are conclusory.  For example, Mable alleges that prison officials have denied him access to the courts, prevented him from practicing his religion, written false disciplinary reports, and stolen his legal materials. *See* ECF No. 3 at 5-6.  But each of these allegations is merely a conclusion.  Mable's complaint largely lacks factual allegations that, if proved true, would demonstrate any of these conclusions.  For instance, Mable does not include allegations describing a single instance or way in which he was deprived of his ability to practice his religion (indeed, Mable does not even allege what his religion is), or how he was denied access to the courts.  Mable's claim fails to state a viable claim for relief in any of these regards.

Certain of Mable's claims — that he was assaulted and raped by prison staff, and that he has been forcibly medicated for disciplinary purposes — include a somewhat greater level of factual detail.  Nevertheless, here, too, Mable has not adequately pleaded a viable claim for relief. It is unclear whom exactly Mable is suing in this action — Jessica Symmes and Lynn Dingle are named in their individual and official capacities as defendants in the caption of the complaint, but the addendum to the complaint includes a list of over 100 individuals alleged to have acted unlawfully or as "partners in crime," ECF No. 3 at 4-5, 7-10 — but more problematically, no particular unlawful action is tied to any of the specific defendants.  This

Court cannot know from the complaint whether Symmes, or Dingle, or anyone else in particular was responsible for Mable's forced medication, or the claimed due process violations, or the assaults alleged to have taken place.  " In a § 1983 case, an official 'is only liable for his . . . own misconduct' . . . ."  *Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Without allegations that any of the defendants *themselves* committed the misconduct in question, Mable cannot proceed with claims under § 1983 against those defendants.[2]

Given a liberal interpretation, Mable's complaint perhaps comes closest to stating a claim on which relief may be granted insofar as he sues Symmes and Dingle in their official capacities as officers of the Minnesota Department of Corrections and alleges that the State of Minnesota has been constitutionally deficient in supervising and training its employees.  But Mable's official-capacity claims must also be dismissed.  The relief sought by Mable is primarily financial, *see* ECF No. 1 at 4, but "the [official-capacity] defendants cannot be sued for money damages under § 1983 because claims against state officials in their official capacities are really suits against the state and a state is not a person for purposes of a claim for money damages under § 1983."  *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).  The only injunctive

---

[2]Certain of Mable's claims appear to sound in state law rather than § 1983.  This Court lacks original jurisdiction over those state-law claims.  Mable alleges that diversity of citizenship provides a basis for original jurisdiction, *see* ECF No. 1 at 3, but he also alleges that he is a citizen of Minnesota, *see id* at 2.  By suing Symmes and Dingle in their official capacities as officers of the Minnesota Department of Corrections, he has effectively sued the State of Minnesota itself, and it is therefore impossible that diversity of citizenship supplies jurisdiction over this lawsuit.  *See* 28 U.S.C. § 1332(a).  Further, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

relief sought by Mable is a release from his detention, but that claim is precluded by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a prisoner cannot maintain a civil-rights action that, if successful, would necessarily cast doubt on the validity of his facially valid criminal confinement.

This Court recognizes that Mable is not currently being held pursuant to a criminal judgment. Mable is instead a civil detainee. Still, "the principles set forth in *Heck* are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). Until Mable successfully challenges the legality of his facially valid commitment, *see In re Civil Commitment of Mable*, 2013 WL 3968807, he cannot bring civil claims premised solely upon the fact of his commitment.[3]

Because Mable's complaint fails to state a claim on which relief may be granted, it is hereby recommended that this matter be dismissed. That recommendation, however, is dismissal *without* prejudice, for two reasons. First, Mable's *Heck*-barred claims may only be dismissed without prejudice, so that Mable may again raise those claims should he ever successfully challenge the legality of his confinement. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995)

---

[3]To the extent that Mable seeks to bring federal habeas corpus claims, (1) he must do so in a habeas corpus action, not in an action under § 1983, and (2) it appears doubtful from the materials before the Court and the publicly available state-court records that Mable's habeas claims were timely filed, *see* 28 U.S.C. § 2244(d)(1).

(per curiam) (dismissal of *Heck*-barred claim modified to be without prejudice).[4]  Second, Mable

could perhaps correct the other deficiencies in his pleading.  Mable is cautioned, however, that

should he attempt to re-raise his claims by presenting new documents to the Court, he is thereby

certifying under penalty of law that all "factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery . . . ."  Fed. R. Civ. P. 11(b)(3).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.  This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C.

    § 1915(e)(2)(B)(ii).

2.  The application to proceed *in forma pauperis* of plaintiff Marcus Mable, Jr. [ECF

    No. 2] be DENIED.

3.  Mable's motion to appoint counsel [ECF No. 4] be DENIED AS MOOT.


Dated: July 5, 2016                     __s/Franklin L. Noel_____
                                        Franklin L. Noel
                                        United States Magistrate Judge




## NOTICE

--------

[4]Mable's *official*-capacity claim would largely be mooted in such an event, because if his detention is declared illegal, then he will no longer need to seek injunctive relief under § 1983 to be released from that detention.  But to the extent that Mable seeks monetary relief from individual defendants for his allegedly unlawful detention, these claims must too be dismissed as *Heck*-barred.  Apart from the effect of *Heck*, these individual-capacity claims are also inadequately pleaded for the reasons already explained.

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.